**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-01150-REB-NYW

BRENTON MERLIN,

      Plaintiff,

v.

LOGANN CRAWFORD and
SCOTT SCHAEFFER,

      Defendants.

---

## ORDER

---

Magistrate Judge Nina Y. Wang

      This civil action is before the court on Defendants' Motion for Leave to Take the Preservation Depositions of Kelly Glenn, M.D. and John Nystrom, M.D. ("Motion to Take Preservation Depositions"). [#50, filed February 17, 2016]. The matter was referred to this Magistrate Judge pursuant to the Order Referring Case dated April 23, 2015 [#4] and the memorandum dated February 17, 2016. [#51]. Plaintiff filed a Response on February 18, 2016. [#52]. I have reviewed the instant Motion and Response, the relevant case law, and legal authority, and find that oral argument would not materially assist in my determination. The Motion to Take Preservation Depositions is DENIED for the reasons discussed below.

### BACKGROUND

      This action arises out of a single claim for damages brought pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's Fourth and Fourteenth Amendment rights resulting from Defendants Logann Crawford and Scott Schaeffer's (collectively, "Defendants") allegedly unlawful search and seizure and use of excessive force in the arrest and detainment of Plaintiff Brenton Merlin.

*See* [#1].  Plaintiff filed a Complaint through his attorneys on April 22, 2014 [*id.*]; and following permissions of extensions of time to serve Defendants [#8; #10; #17; #19], a motion for extension of time to answer, which was granted [#22; #24], and waiver of service [#27], Defendants filed separate Answers on November 18, 2014 [#25] and March 11, 2015 [#30]. This court held a Scheduling Conference on May 21, 2015, at which the undersigned ordered the Parties to complete discovery by November 19, 2015, file dispositive motions by December 18, 2015, and prepare for a Final Pretrial Conference to be held March 11, 2016.  [#34; #35].  The Honorable Robert E. Blackburn, the presiding judge in this matter, issued a Trial Preparation Conference Order the following day, setting a jury trial to begin March 28, 2016.  [#36].  On October 7, 2015, Defendants filed an unopposed motion to amend the Scheduling Order to extend multiple pre-trial deadlines.  *See* [#44].  This court granted the motion in part, and extended the discovery deadline to December 7, 2015.   [#46].   None of the Parties filed dispositive motions by the deadline.  On February 17, 2016, Defendants filed the instant Motion, asking the court for leave to take preservation depositions of Dr. Glenn and Dr. Nystrom (the "Physicians") pursuant to Rules 32(a)(4)(B) and (E) of the Federal Rules of Civil Procedure.

## ANALYSIS

### I.      Applicable Law

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering, in pertinent part, the parties' relative access to relevant information and whether the burden or expense of the proposed discovery outweighs its likely benefit.  All discovery is subject to the proportionality limitations imposed by Rule 26(b)(2)(C).  *See* Fed. R. Civ. P.

26(b)(1).   Therefore, while the court may order discovery of any matter relevant to the issues involved in the action, it "*must* limit the frequency or extent of discovery" under certain circumstances, including if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or the party seeking discovery "has had ample opportunity to obtain the information by discovery in the action."   Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii) (emphasis added).

A party may use at trial the deposition of a witness, whether or not a party, if the witness, barring exceptions not relevant here, is more than 100 miles from the place of trial, or "if exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used."   Fed. R. Civ. P. 32(a)(4)(B) and (E).   Leave of court is required to take a deposition of a person who has previously been deposed in the case.   Fed. R. Civ. P. 30(a)(2)(A)(ii).

## II.   Application

Defendants seek leave to take the depositions of Dr. Glenn and Dr. Nystrom, two of Plaintiff's treating physicians.   Defendants represent they learned on February 10, 2016 that the Physicians will be unavailable to testify at the trial scheduled to begin March 28, 2016: "Dr. Glenn is contractually obligated to provide medical services in Alabama from March 25 to April 1, 2016, and Dr. Nystrom will be in California during the time at which trial will take place." [#50 at 2].   Defendants previously deposed Dr. Glenn on November 9, 2015, and deposed Dr. Nystrom on November 25, 2015.   They wish to depose the Physicians a second time so as to video tape their testimony, explaining, "video testimony from both doctors is much more preferable than simply having one of undersigned counsel read from their respective depositions

transcripts."   [*Id.* at 3].   Defendants further note that the Physicians live and work in the Glenwood Springs, Colorado area, which is approximately 158 miles from the courthouse where trial is to take place.  Plaintiff objects to the preservation depositions on the basis that Defendants provide no explanation as to why they did not determine the trial availability of the Physicians prior to February 2016, Defendants have already taken the Physicians' depositions and thus now seek a second bite of the apple, and a second round of depositions would prejudice Plaintiff by using his attorneys' resources to defend the depositions five weeks in advance of trial and forcing him to incur costs that were previously incurred.  [#52].  Plaintiff finally notes that the Physicians are Defendants' witnesses and are hostile to Plaintiff.  [*Id.* at 7].

Defendants' main contention in support of their Motion is that their request is for trial depositions—to preserve testimony for trial—rather than discovery depositions, and that the court should allow such depositions because "the parties already know the content of both doctor's respective testimony."  [#50 at 2-3].  Defendants cite to *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 354 (D. Colo. 2001) and *Odell v. Burlington N. RR Co.,* 151 F.R.D. 661, 663 (D. Colo. 1993) for support.  Defendants are correct that while the Federal Rules of Civil Procedure do not explicitly distinguish between discovery and trial depositions, this District generally recognizes practical differences between the two.   This court also agrees that Defendants are seeking trial depositions as opposed to discovery depositions, and the discovery cut-off does not necessarily "prevent a party from memorializing a witness' testimony in order to offer it at trial." *Estenfelder*, 199 F.R.D. at 354 (citing *Spangler v. Sears, Roebuck and Co.,* 138 F.R.D. 122, 124 (S.D. Ind. 1991).  *See also Prince Lionheart, Inc. v. Halo Innovations, Inc.*, No. 06–cv–00324– WDM–KLM, 2007 WL 2935818, at *2 (D. Colo. Oct. 5, 2007) (allowing preservation

deposition of witness after close of discovery, where she had submitted an inadmissible declaration but had not been deposed); *Netquote, Inc. v. Byrd*, No. 07–cv–00630–DME–MEH, 2008 WL 659741 (D. Colo. Mar. 6, 2008) (allowing preservation depositions of certain witnesses after close of discovery).

In *Estenfelder*, the court granted the motion to take preservation depositions of witnesses who were outside the subpoena power of the court and who had not been deposed prior to the discovery cut-off. In acknowledging the Tenth Circuit's aversion to "total inflexibility," and the guidance that "[the decision to exclude evidence [because of untimeliness] is a drastic sanction]," the *Estenfelder* court considered four factors in its decision whether to exclude evidence:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Estenfelder*, 199 F.R.D. at 355-56 (quoting *Summers v. Missouri Pacific Railroad System,* 132 F.3d 599, 604 (10th Cir. 1997)). *See also Odell*, 151 F.R.D. at 664.

The challenge Defendants face here is that they have already taken Dr. Glenn and Dr. Nystrom's depositions. There is no risk, at least none articulated in the Motion, that the deposition transcripts will not be available to be read at trial, and thus that this court's decision not to allow the preservation depositions would result in the exclusion of relevant evidence. Instead, Defendants seek merely to expand their options for presenting the evidence to the jury. *Cf. Estenfelder*, 199 F.R.D. at 354 ("if a party can present the testimony of a witness only by means of a deposition, the taking of that deposition would be for a different purpose than the taking of a discovery deposition, and, at least according to the Fifth Circuit, should be allowed

without regard to any discovery deadlines) (citing *Charles v. F.W. Wade,* 665 F.2d 661, 664 (5th Cir. 1982), *cert. denied*, 460 U.S. 1036, 103 S.Ct. 1426, 75 L.Ed.2d 787 (1983)).   The proposition for which Defendants cite *Estenfelder*—"if the primary purpose of the deposition is to preserve testimony for trial, the deposition should not be disallowed simply because of that potential eventuality"—is simply inapposite.   199 F.R.D. at 355.   Defendants have not missed an opportunity to procure the Physicians' testimony, and are not appealing to the court merely "seeking a means for introducing [the deponent's] testimony at trial," because they did not determine during the discovery phase which witnesses would actually be needed for trial.   *Id.* (citing *Spangler*, 138 F.R.D. at 124).   Defendants do not assert that they learned only after the close of discovery that the Physicians were needed as trial witnesses.   Even if such were the case, they have the Physicians' testimony.   Unlike in *Estenfelder*, and other courts that have allowed post-discovery preservation depositions where evidence relevant to trial would otherwise be excluded, I find no risk that requiring Defendants to rely on the transcripts of the Physicians' original depositions will result in a trial that is incomplete and unfair.

Because Defendants are not at risk of losing access to evidence, I conclude that the *Estenfelder*/*Summers* factors are not applicable here.   Nonetheless, I find that the timing of the proposed depositions would unduly prejudice Plaintiff.   The Final Pretrial Conference is set for March 11, 2016, and Defendants acknowledge that the depositions would need to take place before March 14, 2016—less than three weeks from the date of this order and less than five weeks from the start of trial.   Furthermore, Plaintiff has already incurred the cost of his counsel attending one deposition in Glenwood Springs and attending the other deposition telephonically.   Those costs would be duplicated, and whatever time his counsel require to attend the depositions

is time that would otherwise be allotted for preparation for trial.  I further find that I cannot cure this prejudice to Plaintiff at this late date.  Finally, I note that in accordance with the general discovery guidelines to which I am bound to adhere and enforce, the evidence Defendants seek may indisputably be obtained from some other source that is more convenient, less burdensome, and less expensive, *i.e.* the depositions transcripts.   Fed. R. Civ. P. 26(b)(2)(C)(i).  Accordingly,

**IT IS ORDERED** that the Motion for Leave to Take the Preservation Depositions of Kelly Glenn, M.D. and John Nystrom, M.D. [#50] is **DENIED**.

DATED: March 2, 2016                              BY THE COURT:

                                                  s/Nina Y. Wang_____
                                                  United States Magistrate Judge